PEOPLE v FEATHERSTONE

Docket No. 78-3129. Submitted September 4, 1979, at Detroit.—Decided November 6, 1979.

Herbert H. Featherstone was convicted of second-degree murder, Recorder's Court of Detroit, Thomas L. Poindexter, J. At trial, defendant moved to suppress the admission of evidence of defendant's prior conviction for manslaughter, a conviction for which release from confinement had occurred more than ten years prior to the date of this trial. The trial court denied the motion to suppress, and defendant did not testify. The trial court excused the prosecution from producing a res gestae witness and permitted the preliminary examination testimony of that witness to be read into the record at trial. Defendant appeals. *Held:*

1. It is error to permit in a murder trial the admission of evidence of defendant's prior conviction for manslaughter for the purpose of impeachment where defendant had been released from prison on the manslaughter conviction more than ten years prior to the murder trial. The prejudicial effect of such evidence outweighs the probative value, given the closely related nature of the prior conviction to the charged offense. Furthermore, the temporal remoteness of the prior conviction and incarceration renders evidence of the same stale and inadmissible under the Michigan Rules of Evidence. The erroneous denial of the motion to suppress cannot be said to be harmless error, since its denial may have influenced defendant's decision not to testify.

2. The prosecution will be excused from its duty to produce a res gestae witness where there is a showing that due diligence was used in attempting to secure the presence of the witness at

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 320, 330.
[2] 5 Am Jur 2d, Appeal and Error §§ 778, 779, 798.
[3] 81 Am Jur 2d, Witnesses § 2.
[4] 62 Am Jur 2d, Process § 44.
[5] 21 Am Jur 2d, Criminal Law § 343.
   29 Am Jur 2d, Evidence §§ 739, 740.
[6] 29 Am Jur 2d, Evidence §§ 638, 640.

trial. It is, however, an abuse of discretion for the trial court to excuse production of a res gestae witness where, prior to trial, there was no personal service of a subpoena upon the witness and where, when the witness failed to appear pursuant to a subpoena served on him on the second day of trial, the prosecution's efforts to secure the presence of the witness were limited to inquiries made of neighbors and a relative and inquiries made at bars known to be frequented by the witness. Prejudice flowing from the nonproduction of the witness is apparent from the record, in that the damaging preliminary examination testimony of the nonproduced witness was admitted at trial.

3. In the absence of any testimony that defendant exercised his right to remain silent, the admission of testimony that defendant was informed of his right to remain silent is harmless error. Since there is no probative value to testimony that defendant was informed of his right to remain silent, and since there is a potential for prejudice from that testimony, on retrial such testimony should be excluded.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — ADMISSIBILITY OF EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

It is error to admit, for the purpose of impeachment of a criminal defendant, evidence of a prior conviction for manslaughter in the defendant's trial for murder where defendant had been released from prison on the manslaughter conviction more than ten years prior to the murder trial, since the prejudicial effect of such evidence outweighs its probative value and the evidence of the prior conviction is inadmissible under the Michigan Rules of Evidence (MRE 609[b]).

2. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — ADMISSIBILITY OF EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — HARMLESS ERROR.

The erroneous denial of a criminal defendant's motion to suppress evidence of a prior conviction is not harmless error where the defendant did not testify at trial, since the erroneous denial of the motion to suppress may have influenced the defendant's decision not to testify.

3. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUCTION OF WITNESSES — EXCEPTIONS.

The prosecution will be excused from its duty to produce a res gestae witness upon a showing that due diligence was used in attempting to secure the presence of the witness at trial; the level of diligence required is devoted and painstaking applica-

tion to accomplish the undertaking to secure the presence of the witness.

4. Witnesses — Criminal Law — Res Gestae Witnesses — Production of Witnesses — Due Diligence.

It is an abuse of discretion on the part of a trial court to excuse the prosecution from producing at trial a res gestae witness where, prior to trial, there was no personal service of a subpoena upon the witness and where, when the witness failed to appear pursuant to a subpoena served on him on the second day of trial, the police talked to neighbors and a relative and looked in bars known to be frequented by the witness.

5. Witnesses — Criminal Law — Res Gestae Witnesses — Production of Witnesses — Evidentiary Hearing — Preliminary Examination Testimony.

Remand for a hearing to determine whether the nonproduction at trial of a res gesate witness was prejudicial is unnecessary where the prejudice to the defendant is apparent from the record, the damaging preliminary examination testimony of the nonproduced witness having been admitted at trial.

6. Criminal Law — Privilege Against Self-Incrimination — Silence — Evidence — Admissibility — Harmless Error.

The admission of testimony that defendant was informed of his right to remain silent is harmless error in the absence of any testimony that the defendant exercised his right to remain silent, however, since there is no probative value to such testimony and there is the potential for prejudice, such testimony generally should be excluded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, and *Robert Sheiko,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: N. J. Kaufman, P.J., and R. M. Maher and D. C. Riley, JJ.

Per Curiam. The defendant appeals as of right from his jury conviction of second-degree murder,

MCL 750.317; MSA 28.549. The defendant was sentenced to life imprisonment.

The defendant and the decedent, Gloria Clark, lived together for about 1-1/2 years. On the night in question, neighbors testified that Ms. Clark and the defendant, who had been drinking, were having a loud and protracted argument. The defendant threatened to kill Ms. Clark in the presence of several other persons. He attempted to purchase a gun from another resident of the building. Neighbors summoned the police in the early morning hours because they heard a scream and a gun shot from the apartment. The defendant was sitting on a couch in the living room and denied that there had been a gun shot. The police officers left. Several hours later, Mr. Sims, the manager of the apartment building, called the police. The decedent was found lying on the floor in the bedroom, and there was no sign of a forcible entry. The cause of death was strangulation. The defendant was arrested at the apartment of a friend.

The defendant's first issue involves the trial court's denial of a motion to suppress the admission of evidence of defendant's prior conviction for manslaughter. The trial court's denial of the motion was erroneous for two reasons. First, it did not adhere to the guidelines announced in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). The prior manslaughter conviction was so closely related to the charged offense of second-degree murder that the prejudicial effect of its admission outweighed its probative value. Furthermore, the defendant had a more recent conviction for larceny by conversion over $100 by which he could have been impeached.

The second reason involves MRE 609(b), which states that if more than 10 years have elapsed

from the date of the conviction or the release of the witness from confinement, whichever is later, that conviction is inadmissible for the purpose of impeachment. The defendant herein was released from prison for the manslaughter conviction in 1967. The trial in question took place in 1978. Therefore, evidence of the conviction was stale and inadmissible under the rule.

This was not a case of harmless error, since the defendant did not testify at the trial. See, *People v Denny,* 86 Mich App 40; 272 NW2d 332 (1978). The conviction must be reversed and a new trial ordered.

Mr. Sims, the manager of the apartment building, testified at the preliminary examination. He stated that, on the morning in question, the defendant telephoned him and admitted that he had killed Ms. Clark. Mr. Sims was an endorsed res gestae witness, but was not produced at the trial. Before the trial, Mr. Sims was served by sliding a subpoena under his door. This did not satisfy the personal service requirement of GCR 1963, 105.1. See also, GCR 1963, 506.5. On the second day of the trial, Mr. Sims was properly served via personal in-hand delivery. When Mr. Sims still did not appear, a police officer talked with some neighbors, contacted Mr. Sims' relative in the hospital, and looked for Mr. Sims in various bars on Mack Avenue which he was known to frequent. Mr. Sims had not moved from his listed address and was seen there by his daughter at approximately 6 a.m. on the day the police officer sought to find him.

The trial judge found that the prosecutor exercised due diligence and excused the production of Ronald Sims. Furthermore, the trial court admitted into evidence Mr. Sims' testimony at the preliminary hearing.

It is the prosecutor's duty to produce all res gestae witnesses at trial. MCL 767.40; MSA 28.980. The duty of the prosecution to produce a res gestae witness is excused under certain circumstances, including a showing that due diligence was used in attempting to produce the witness. *People v Buero,* 59 Mich App 670, 674; 229 NW2d 880 (1975), *People v McPherson,* 84 Mich App 81, 85; 269 NW2d 313 (1978). The level of diligence required by the prosecution is "devoted and painstaking application to accomplish the undertaking". *People v McPherson, supra.*

The efforts expended by the prosecution herein were insufficient to constitute due diligence. See also, *People v Eugene Harris,* 43 Mich App 531; 204 NW2d 549 (1972), *People v Hendrix,* 81 Mich App 33, 35; 264 NW2d 108 (1978). The trial court abused its discretion in finding that due diligence was exercised in this case.

There is no need to remand this case for a hearing to determine whether the nonproduction of Mr. Sims was prejudicial, as required in *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979). Prejudice to the defendant is apparent from the record, since Mr. Sims' damaging testimony at the preliminary examination was admitted erroneously. See *People v Nieto,* 33 Mich App 535; 190 NW2d 579 (1971), *People v Williams #2,* 45 Mich App 630, 637; 207 NW2d 180 (1973). At the new trial, the prosecutor must either produce Mr. Sims or demonstrate that due diligence was exercised.

The defendant contends that the prosecutor violated the rule announced in *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), because he elicited testimony from a police officer that he had informed the defendant of his right to remain silent. There was no direct reference to defendant's silence at the time of his arrest.

We find that this was at most harmless error. See *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972). However, on retrial, the trial court should follow the rule stated in *People v Jablonski,* 38 Mich App 33, 38; 195 NW2d 777 (1972):

"It would appear that the better rule is that there is absolutely no probative value in eliciting that the defendants were informed of their rights unless the prosecutor intends to offer a confession or statement made by the defendants. Since there is a potential prejudicial effect even from the mere mention of the rights statement, even in the absence of testimony that the defendant wished to exercise those rights, such statements should be excluded."

The defendant's final issue concerning a *sua sponte* jury instruction on intoxication is without merit.

Reversed and remanded for a new trial.