PEOPLE v HOLLIS

Docket No. 43328. Submitted November 8, 1979, at Grand Rapids.— Decided March 18, 1980.

Garfield Hollis was convicted of first-degree criminal sexual con- duct. At his 1977 trial in Kalamazoo Circuit Court, Marjorie Lee Luna, J., he moved for the suppression of any reference to his eight prior felony convictions for the purpose of impeach- ment if he chose to testify. The trial court suppressed reference to four of the prior felony convictions, *i.e.,* three convictions for carrying a concealed weapon and one conviction for a larceny over $100, but the court refused to suppress reference to the other four felony convictions: a 1932 conviction for robbery with physical harm, a 1950 conviction for assault with intent to commit unarmed robbery, a 1951 conviction for indecent liber- ties with a minor child and a 1955 conviction for unarmed robbery. Defendant decided not to testify in his own defense. Defendant appeals. *Held:*

1. The element of penetration, for the purpose of satisfying the requirements of the criminal sexual conduct statute, need not necessarily be established by eyewitness testimony. That element may be established by circumstantial evidence and by reasonable inferences drawn by the trier of fact. The victim's testimony describing the circumstances of the assault and the physical sensations was sufficient to permit the jury to reason- ably infer that penetration within the meaning of the statute had occurred.

2. The element of personal injury under the criminal sexual conduct statutes was sufficiently shown by the testimony of the victim that the defendant had grabbed him around the neck and had thrown him to the bed prior to the sexual assault and by the evidence, including photographs, of bruises upon the victim's neck.

3. While the trial judge indicated that she was exercising her

REFERENCES FOR POINTS IN HEADNOTES
[1,2] 65 Am Jur 2d, Rape §§ 88, 89.
[3] 4 Am Jur 2d, Appeal and Error §§ 18, 772, 774.
[4,5] 29 Am Jur 2d, Evidence §§ 320, 327.
[6] 29 Am Jur 2d, Evidence § 9.

discretion in determining whether to permit reference to defendant's prior convictions for the purpose of impeachment and adequately articulated on the record her reasons for the exercise of her discretion, the Court of Appeals must, nevertheless, review her determination for any abuse of discretion. Applying the balancing test with respect to the four felonies which the trial court would have permitted reference to, had defendant testified, and making particular note of the provisions of the Michigan Rules of Evidence which the Supreme Court adopted shortly after this trial and of the fact that one of those prior felony convictions was for a crime similar to the charged crime, this Court finds that the trial judge abused her discretion, since the possibility of prejudice to the defendant far outweighed the relevancy of that evidence to the question of determining defendant's credibility.

Reversed and remanded.

V. J. BRENNAN, P.J., dissented. He would hold that the provisions of the new Michigan Rules of Evidence should not be applied retroactively and that, on the basis of the rules and case law in effect at the time the trial judge made her determination, there was no abuse of discretion on the part of the trial judge in ruling that evidence of the four prior convictions could be used for impeachment purposes. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — CRIMINAL SEXUAL CONDUCT —
    PENETRATION — SUFFICIENCY OF THE EVIDENCE — REASONABLE
    · INFERENCES — STATUTES.

   The element of penetration, which is necessary to establish first-degree criminal sexual conduct under the criminal sexual conduct statute, need not necessarily be established by eyewitness testimony; the element of penetration is sufficiently established where the victim describes circumstances of the assault and physical sensations of that assault from which the trier of fact can reasonably infer penetration within the meaning of the statute (MCL 750.520b; MSA 28.788[2]).

2. CRIMINAL LAW — EVIDENCE — CRIMINAL SEXUAL CONDUCT —
    PERSONAL INJURY — SUFFICIENCY OF THE EVIDENCE — STATUTES.

   The element of personal injury under the criminal sexual conduct statute is sufficiently established where there is evidence that a defendant grabbed a victim around the neck with sufficient force to bruise the victim and threw the victim to a bed prior to the sexual assault (MCL 750.520b; MSA 28.788[2]).

3. APPEAL — IMPEACHMENT EVIDENCE — PRIOR CONVICTIONS — DIS-
CRETION — ABUSE OF DISCRETION.

Review of a trial court's determination as to the admissibility, for
impeachment purposes, of evidence of a defendant's prior con-
victions is not precluded merely because the trial court states
on the record that it is exercising its discretion or because the
court articulates the reasons for its exercising its discretion;
rather, review is made to determine whether there was an
abuse of discretion, since the discretion of the trial court to
permit such evidence is limited.

4. CRIMINAL LAW — EVIDENCE — IMPEACHMENT EVIDENCE — PRIOR
CONVICTIONS — CHARGED CRIME — SIMILARITY — ADMISSIBIL-
ITY.

A conviction for the same type of offense as the offense for which
a defendant is being tried militates against the admission of
evidence of that conviction for the purposes of impeaching the
defendant's credibility.

5. CRIMINAL LAW — EVIDENCE — IMPEACHMENT EVIDENCE — PRIOR
CONVICTIONS — ADMISSIBILITY — ABUSE OF DISCRETION.

It is an abuse of discretion to permit the admission of evidence of
a defendant's 1932 conviction for robbery with physical harm,
his 1950 conviction for assault with intent to commit robbery
unarmed, his 1951 conviction for indecent liberties with a
minor child and his 1955 conviction for unarmed robbery in the
defendant's 1977 trial for criminal sexual conduct, since the
probability of prejudice to the defendant outweighs its rele-
vancy for the purpose of determining credibility.

DISSENT BY V. J. BRENNAN, P.J.

6. CRIMINAL LAW — EVIDENCE — IMPEACHMENT EVIDENCE — PRIOR
CONVICTIONS — RULES OF EVIDENCE — RETROACTIVE APPLICA-
TION.

*The provisions of the Michigan Rules of Evidence relative to the
admission of evidence of prior convictions for the purpose of
impeachment should not be retroactively applied in the review
of the exercise of discretion by a trial judge in a trial occurring
prior to the adoption of the Michigan Rules of Evidence, since
the rules are not designated to be retroactive (MRE 609).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*
Prosecuting Attorney, *Stephen M. Wheeler,* Chief

Appellate Attorney, and *Judy A. Hughes,* Appellate Attorney, for the people.

*Daudert, Tucker & Basch,* for defendant on appeal.

Before: V. J. Brennan, P.J., and Beasley and G. E. Bowles,* JJ.

Per Curiam. Defendant, Garfield Hollis, was convicted by a jury of first-degree criminal sexual conduct, in violation of MCL 750.520b; MSA 28.788(2). After being sentenced to life imprisonment, he appeals as of right.

Defendant first alleges that there was not sufficient evidence to sustain his conviction on the charged offense. In *People v Johnson,*[1] this Court set forth the standard to be followed where a claim is made that the evidence is insufficient upon which to find guilt:

"Would the evidence presented by the prosecution justify a reasonable person in concluding that all elements of the crime were established beyond a reasonable doubt?"

In this case, the complainant did not visually see the act of oral contact which would constitute penetration under the statute, but testified in terms of the physical sensations he experienced. Defendant contends that such testimony is insufficient to support a finding of penetration. We disagree. The elements of a criminal offense may be

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] 83 Mich App 1, 18; 268 NW2d 259 (1978).

proved by circumstantial evidence and the reasonable inferences arising therefrom.[2]

In *People v Palmer*,[3] the Supreme Court noted that:

"It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact. *People v Mosden*, 381 Mich 506, 510; 164 NW2d 26 (1969). In determining the facts the jury may draw reasonable inferences from the facts established by either direct or circumstantial evidence. *People v Weyonen*, 247 Mich 308, 311; 225 NW 552 (1929)."

The fact that the complainant did not witness the actions of the defendant at the moment of penetration does not render the evidence insufficient where the circumstances of the assault and the graphic description of physical sensations strongly point to the achievement of penetration. We find ample evidence to establish this element of the offense.

Defendant's argument that the prosecution did not establish the element of "personal injury" under the sexual assault statute likewise fails under the facts of the case. The complainant testified that defendant forcefully grabbed him around the neck and pushed him onto the bed immediately prior to the assault. Complainant suffered bruises and scratches which were evidenced by photographic documentation. We believe that such bruising, caused by the forceful application of a hand, constitutes personal injury within the meaning of the applicable statutory definition.[4] We con-

---

[2] *People v Sherman Hall*, 77 Mich App 456, 463; 258 NW2d 517 (1977), *People v Ross*, 69 Mich App 705; 245 NW2d 335 (1976).

[3] 392 Mich 370, 375-376; 220 NW2d 393 (1974).

[4] See also, *People v Thompson*, 76 Mich App 705, 710; 257 NW2d 268 (1977).

clude that there was sufficient evidence to meet the *Johnson* standard.

Second, defendant alleges that the trial court abused its discretion in denying defendant's motion to suppress evidence of his prior criminal record.

In this case, the 76-year-old defendant moved to suppress any reference to his eight previous felony convictions. The sentence for the last such felony was enhanced when defendant was convicted on a supplemental information as an habitual offender in 1956.[5] The trial court suppressed reference to four felonies, three CCW's and a larceny over $100, but indicated if defendant testified, he could be impeached by reference to the other four felonies, robbery with physical harm in 1932, assault with intent to commit unarmed robbery in 1950, indecent liberties with a minor child in 1951, and unarmed robbery in 1955.[6] Faced by this ruling, the defendant, understandably, chose not to testify.

On appeal, defendant claims the trial court's ruling constituted an abuse of discretion. We find, contrary to the argument of defendant, that the trial court adequately articulated on the record the reasons for exercising its discretion in allowing the use of evidence of the prior convictions.[7] We note that, in this regard, the discretion of the trial court is not unlimited. The fact that the trial judge states on the record that she is exercising her discretion does not preclude judicial review to determine whether there is an abuse of discretion.[8]

---

[5] There is indication in the record that defendant was paroled in 1968.

[6] The trial court was silent as to whether reference could be made to the habitual offender conviction.

[7] See, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978).

[8] *People v Bennett,* 85 Mich App 68, 72; 270 NW2d 709 (1978).

While this case was tried prior to March 1, 1978, the effective date of the Michigan Rules of Evidence, Rule 609 is helpful and instructive in indicating the direction of the Supreme Court's thinking.[9]

If we were to apply Rule 609 here, there would be a threshold question of whether the time limit subsection would prohibit use of these felonies for purpose of impeachment,[10] since all were committed more than 10 years ago.

However, for the 1955 conviction and enhanced sentence as an habitual offender in 1956, there is indication defendant continued to serve time in prison until 1968. As this would be less than 10 years before trial in 1977, Rule 609 would not necessarily, on that 10-year time limitation basis, prohibit use of evidence of the 1955 felony to impeach. Under Rule 609, the other three felonies concerning which the trial judge would have here permitted cross-examination by the prosecutor would *not* have been admissible.

Part of the reason for the 10-year limitation is to furnish protection to rehabilitated offenders from attacks on their credibility for youthful, or long-passed, felonious indiscretions. Obviously, that rationale does not apply to an eight-time offender whose convictions occur with regularity and extend over a 30-year period. As a matter of fact, this case poses the difficult question of how the rule should be applied in the case of a lifetime, career offender.

---

[9] The Supreme Court adopted the Michigan Rules of Evidence to be effective March 1, 1978.

[10] MRE 609(b) states:

"Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."

In addition, one of defendant's previous felony convictions was for a sex offense, namely, indecent liberties with a minor child in 1951. Under *People v Baldwin,*[11] similarity of offense is one factor militating against admissibility.

Applying the balancing test to whether or not to permit cross-examination of defendant concerning these four felonies, we hold that the probability of prejudice to defendant far outweighs its relevancy for purposes of determining credibility and that to permit cross-examination of defendant concerning these four felonies constituted an abuse of discretion. The transcript appears to indicate an issue concerning whether the victim *consented* to this homosexual act of penetration, a question which can best be resolved by a jury hearing both defendant and the victim. As a practical matter, a ruling which would permit extensive cross-examination of defendant regarding four previous felonies prevented defendant from testifying.

In the event of retrial, we would believe that, if defendant chooses to testify, the prosecution should be entitled to ask this defendant if he had ever been convicted of a felony.[12] In this connection, the relevancy or admissibility of evidence of past convictions does not depend upon the degree of probability with which recidivists commit further felonies. Under the so-called bad guy rule, the Supreme Court has held such evidence inadmissible. The possibility of it becoming admissible only arises where a witness (defendant) places his credibility in issue. Even then, such evidence is now

---

[11] 405 Mich 550; 275 NW2d 253 (1979).

[12] Some trial courts have made it a practice to permit one question: "Have you ever been convicted of a felony?" If the answer is in the affirmative, no further questions are permitted. Probably, such a rule would be approved by the Supreme Court. We suggest this only as one possible solution to an issue which obviously divides both appellate and trial courts and do not intend it as an exclusive method.

only admissible within the parameters of Rule 609. Consequently, we neither speculate nor rule as to what further inquiry, if any, could be permitted without unduly prejudicing the defendant.

Consistent with this analysis, we reverse defendant's conviction and remand this case to the trial court.

Reversed and remanded.

V. J. BRENNAN, P.J. *(dissenting).* I respectfully dissent from that portion of the majority opinion dealing with the inadmissibility of evidence of certain of the defendant's prior convictions.

The trial judge did not have the new rules of evidence to follow at the time of this trial. What rules and case law were available she did follow very thoughtfully.

As the majority points out, the application of the provisions of Rule 609[1] to a lifetime career offender may be difficult. The question is what to admit and what not to when credibility is placed at issue.

I would, however, point out that a lifetime career offender with a bedsheet record has very little credibility, if any. When such a witness takes the stand to tell his story, he should have other witnesses to substantiate that story, because his testimony alone usually isn't believed, and understandably so.

I do not feel that the trial judge here abused her discretion in ruling that evidence of certain prior convictions was admissible on the question of credibility. She was very careful in her review and did exclude evidence of four of defendant's eight prior convictions.

Although the majority opinion does not say that

---

[1] See footnote 10 in the majority opinion.

Rule 609 is retroactive, I believe that is its position. In any event, my position is that it is not. Court-made rules are not retroactive unless so designated.

I would affirm the conviction.