PEOPLE v REDMON

Docket No. 56415. Submitted October 7, 1981, at Lansing.—Decided January 6, 1982.

Joyce E. Redmon was charged with inciting, inducing and exhorting murder. Defendant moved for and was granted discovery of the prior criminal record of a witness for the prosecution. After discovering that the witness had eight convictions spanning the years 1940 to 1967, defendant moved in Washtenaw Circuit Court that evidence of the prior convictions be allowed at her trial in order that she might thereby impeach the credibility of that witness. Ross W. Campbell, J., ruled that the Michigan Rules of Evidence prohibited the use of evidence of prior convictions which occurred more than 10 years ago and that since the Michigan Rules of Evidence had been promulgated by the Michigan Supreme Court it was that Court which must decide whether the rule was valid in the face of a constitutional challenge on the basis that the rule violated the defendant's right to confrontation. The trial court certified to the Court of Appeals the question of the constitutional validity of the rule of evidence. The Court of Appeals granted defendant's application for leave to appeal. *Held:*

There is an insufficient state interest in the 10-year limitation on prior conviction evidence as required by MRE 609(b) to justify the use of that evidentiary limitation in the face of the criminal defendant's constitutional right to confrontation. Since the application of the rule as promulgated violates the defendant's constitutional right, the rule must yield. Under such circumstances, the Court of Appeals may properly limit the application of the rule in such a fashion as to eliminate the constitutional conflict.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 16A Am Jur 2d, Constitutional Law § 849.
21A Am Jur 2d, Criminal Law §§ 721, 722.
81 Am Jur 2d, Witnesses § 464.
[2] 81 Am Jur 2d, Witnesses §§ 580, 581.
[3] 5 Am Jur 2d, Appeal and Error § 873.
[4] 20 Am Jur 2d, Courts §§ 82-86.

J. J. KELLEY, J., dissented. He would hold that only the Supreme Court has the power to modify or amend any of the Michigan Rules of Evidence which it has promulgated.

### OPINION OF THE COURT

1. CONSTITUTIONAL LAW — CONFRONTATION — EVIDENCE — CROSS-EXAMINATION.

Any legislative act, judicial pronouncement or court rule which attempts to limit meaningful cross-examination by a criminal defendant must be justified by a compelling state interest; the compelling state interest must be balanced against the fundamental constitutional right to confrontation (US Const, Am VI).

2. EVIDENCE — RULES OF EVIDENCE — CONSTITUTIONAL LAW — CONFRONTATION — CRIMINAL LAW.

The 10-year limitation relative to evidence of prior convictions which may be used for impeachment contained in the Michigan Rules of Evidence does not apply to the impeachment by a defendant of a prosecution witness, such limitation being an undue infringement of a criminal defendant's constitutional right of confrontation (US Const, Am VI, MRE 609[b]).

3. COURTS — APPEAL — RULES OF EVIDENCE — CONSTITUTIONAL LAW.

The Court of Appeals may properly act upon a constitutional challenge to a rule of evidence promulgated by the Supreme Court; the Court of Appeals is not prohibited from judicial review of a rule of evidence merely because the rule was promulgated by the Supreme Court.

### DISSENT BY J. J. KELLEY, J.

4. COURTS — RULES OF EVIDENCE.

*The Michigan Supreme Court has the sole authority to establish, modify, amend and simplify the practice and procedure in all the courts of the state; accordingly, only the Supreme Court has the authority to alter the requirements contained in one of the provisions of the Michigan Rules of Evidence as promulgated by the Supreme Court (Const 1963, art 6, § 5, MRE 609[b]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John A. Cothorn,* Assistant Prosecuting Attorney, for the people.

*George W. Kelsey*, for defendant.

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

ALLEN, P.J. May a key prosecution witness be impeached by evidence of prior convictions where more than 10 years have elapsed since the date of the convictions or the release of the witness from confinement imposed for those convictions as proscribed by MRE 609(b)? This question of first impression comes to us on leave granted on the following facts.

In late 1980, defendant was charged with inciting, inducing or exhorting Russell Haynes to murder Franklin Manners. MCL 750.157b, 750.316; MSA 28.354(2), 28.548. However, the record does not indicate murder occurred. Defendant pled not guilty, waived preliminary examination and was bound over to circuit court where trial was scheduled to be held January 19, 1981. Defendant moved for discovery of the prior criminal record of Russell Haynes who was endorsed as a key witness for the prosecution. The motion was granted and examination of the criminal record of the witness disclosed eight convictions, spanning the years 1940 to 1967, for larceny, forgery, counterfeiting, and related fraudulent activities.[1] Defendant then moved that the record of prior convictions be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The offenses for which defendant was convicted and the dates of conviction are: (1) larceny, December 27, 1940; (2) fraud by conversion, March 21, 1942; (3) larceny under $100, September 25, 1947; (4) obtaining merchandise by false representations, April 14, 1948; (5) forgery of records and other instruments, May 21, 1958; (6) uttering and publishing forged instruments, August 23, 1956; (7) violation of probation, May 12, 1960; and (8) forgery of records and other instruments, August 22, 1967. The parties stipulated that the last date of defendant's confinement on any of the· above convictions was March 30, 1968.

allowed in evidence at trial in order that the
witness be fully cross-examined and the jury al-
lowed to determine for itself the credibility of the
prosecution witness who is defendant's accuser. At
that hearing, defendant argued that her Sixth
Amendment right took precedence over Michigan
Rules of Evidence. Following hearing, the Honora-
ble Ross W. Campbell, Circuit Judge for Washte-
naw County, ruled that the prior convictions could
not be allowed because they occurred more than
10 years ago and were not admissible under MRE
609(b), a rule which the trial court felt bound to
follow.

"* * * [I]t seems to me that we should let the jury
know about the prior convictions if they have any
bearing at all or may have any bearing on credibility.

"We are then left with the limiting instruction, but I
didn't write these rules. The fact that the Michigan
Supreme Court is at variance with all of the federal
courts throughout the entire United States shows their
willingness to stand by what they consider the wisdom
of the 10-year exclusionary rule. It certainly is not the
province of the trial judge to attempt to pass judgment
on the wisdom or validity of such a rule by our Michi-
gan Supreme Court. In point of fact, that Court itself is
the one that will review the wisdom and validity of its
own rule."

However, Judge Campbell agreed that the ques-
tion of law raised was of such importance that it
would in all probability be raised in other circuits
and on February 17, 1981, entered a consent order
certifying the question for interlocutory appeal.
On April 29, 1981, this Court granted defendant's
application for leave to appeal.

MRE 609(b) provides:

"Time limit. Evidence of a conviction under this rule

is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."

Under federal rule FRE 609(b), a federal district judge has discretion to allow impeachment by convictions which are more than 10 years old:

"Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

To date, the cases discussing MRE 609(b) have enforced its plain terms. See, for example, *People v Slager,* 105 Mich App 593, 595-596; 307 NW2d 376 (1981), *People v Huff,* 101 Mich App 232, 239; 300 NW2d 525 (1980), *People v Featherstone,* 93 Mich App 541, 544-545; 286 NW2d 907 (1979). In *People v Worden,* 91 Mich App 666, 679; 284 NW2d 159 (1979), a panel of this Court stated *in dicta* that "[n]ew MRE 609(b) absolutely prohibits the introduction for impeachment purposes of evidence of a conviction more than ten years old". However, all of the cases cited above involve impeachment of the defendant. None involve the situation in the instant case, *viz.:* impeachment of a key prosecution witness who would testify against the defendant. This important distinction

was noted by the trial court in certifying the question for interlocutory appeal.[2] Consequently, the issues presented in the instant case are of first impression. Does the Sixth Amendment right to confrontation take precedence over a state statute or court rule which limits the right to disclose prior convictions of a key prosecution witness? If so, may this Court so rule, or is it a matter which only the Supreme Court may act upon?

The federal courts have not hesitated to strike down a state statute or rule of evidence materially restricting the right of an accused to cross-examine a prosecution witness. In *Chambers v Mississippi*, 410 US 284, 295, 297-298; 93 S Ct 1038; 35 L Ed 2d 297 (1973), the Court held that the Sixth Amendment right to confrontation was violated when petitioner was not allowed to impeach a witness because of Mississippi's voucher rule, a common-law rule that prohibited a party from impeaching his own witness. The Court stated:

"The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the 'accuracy of the truth-determining process.' *Dutton v Evans*, 400 US 74, 89 [91 S Ct 210; 27 L Ed 2d 213] (1970); *Bruton v United States*, 391 US 123, 135-137 [88 S Ct 1620; 20 L Ed 2d 476] (1968). It is, indeed, 'an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.' *Pointer v Texas*, 380 US 400, 405 [85 S Ct 1065; 13 L Ed 2d 923] (1965). Of course, the right to confront and to cross-examine is not absolute and may, in appropriate

---

[2] "*The Court:* Don't you think that the argument is rather powerful that the Supreme Court has established one set of Rules of Evidence for criminal defendants and another one for witnesses called by the people? Have they not exhibited some tendency to be more fair to the criminal defendant than they have to the prosecution? *Are they not apt to try to find a way in which they can strike down the 10-year limit that they themselves have set where it will protect a defendant and try to leave it where it will affect more importantly the rights of victims, for example?*" (Emphasis added.)

cases, bow to accommodate other legitimate interests in the criminal trial process. *E.g., Mancusi v Stubbs,* 408 US 204 [92 S Ct 2308; 33 L Ed 2d 293] (1972). But its denial or significant diminution calls into question the ultimate "'integrity of the fact-finding process'" and requires that the competing interest be closely examined. *Berger v California,* 393 US 314, 315 [89 S Ct 540; 21 L Ed 2d 508] (1969).

* * *

"'* * * The availability of the right to confront and to cross-examine those who give damaging testimony against the accused has never been held to depend on whether the witness was initially put on the stand by the accused or by the State. We reject the notion that a right of such substance in the criminal process may be governed by that technicality or by any narrow and unrealistic definition of the word 'against.' The 'voucher' rule, as applied in this case, plainly interfered with Chambers' right to defend against the State's charges."

Likewise, in *Davis v Alaska,* 415 US 308, 319; 94 S Ct 1105; 39 L Ed 2d 347 (1974), the Supreme Court held that the Sixth Amendment right to confrontation was violated when petitioner was not allowed to cross-examine a key prosecution witness about his juvenile offender status because of an Alaska rule prohibiting disclosure in court of an "adjudication, order, or disposition of a juvenile case". Although recognizing that Alaska had an interest in protecting the anonymity of juvenile offenders, the Supreme Court concluded that the right to confrontation was paramount to the state's policy of protecting juvenile offenders.

"Whatever temporary embarrassment might result to Green or his family by disclosure of his juvenile record —if the prosecution insisted on using him to make its case—is outweighed by petitioner's right to probe into

the influence of a possible bias in the testimony of a
crucial identification witness."

In the recent case of *Burr v Sullivan,* 618 F2d
583 (CA 9, 1980), Burr was tried and found guilty
in the state court for arson. The state based its
case on the testimony of two juvenile accomplices.
When Burr sought to cross-examine the accom-
plices regarding 52 and 48 burglaries admitted to
in a juvenile proceeding conducted after the arson,
the state objected on grounds that an Oregon
statute prohibited disclosure of such proceedings.
The trial court granted the state's motion to
strike. In a habeas corpus proceeding, the federal
district court held that Burr's right to confronta-
tion was denied. Appeal was then taken to the
circuit court of appeals which affirmed saying:

"There is a further, alternative ground to support our
ruling. The state trial court *sua sponte* declared that it
would not, as the trier of fact, give any consideration to
the point that the second witness, in cross-examination,
testified that he had admitted commission of 48 burglar-
ies in the juvenile proceeding conducted after the arson.
The court based its ruling on the Oregon statute which
forbids the use of juvenile records in any proceeding
other than juvenile court. Or Rev Stat § 419.567(3). This
*sua sponte* striking of the cross-examination of a key
prosecution witness constituted prejudicial error. The
need of the defendant to cross-examine a principal
government witness to show possible bias outweighed
the need of the state to maintain the confidentiality of
its juvenile records. *Davis v Alaska, supra,* 415 US 308,
320; 94 S Ct 1105, 1112 [39 L Ed 2d 347 (1974)]. The
testimony was relevant to show possible bias or self-
interest of the witness who testified against Burr."
*Burr, supra,* 588.

Similarly, in *Pettijohn v Hall,* 599 F2d 476 (CA
1, 1979), the court found that the defendant's

Sixth Amendment right of confrontation was violated when the trial court denied the defendant the right to call Griffen as a witness and introduce evidence of his prior identification of a man other than the defendant. The trial court had ruled against the defendant's right to call the witness on grounds that the testimony was inadmissible and irrelevant.

"Once a sixth amendment right is implicated, the state must offer a sufficiently compelling purpose to justify the practice. *Various state evidentiary rules which advanced legitimate state interests have bowed to the defendant's right to let the jury hear relevant evidence. See, e.g.,* Washington v Texas [388 US 14; 87 S Ct 1920; 18 L Ed 2d 1019 (1967)] (state interest in avoiding perjured testimony did not justify its rule barring co-conspirators from testifying); *Chambers v Mississippi, supra* (state law excluding third party hearsay confessions did not justify exclusion). *Cf. Davis v Alaska,* 415 US 308; 94 S Ct 1105; 39 L Ed 2d 347 (1974) (confrontation right prevails over juvenile proceedings privilege statute); *United States v Nixon,* 418 US 683, 709; 94 S Ct 3090; 41 L Ed 2d 1039 (1974) (executive privilege yields to need for criminal evidence). The reasons offered for exclusion in this case are likewise insufficient." 599 F2d 476, 481. (Emphasis added.)

See also *Chavis v State of North Carolina,* 637 F2d 213, 225-226 (CA 4, 1980) (holding that the trial court's limitation on cross-examination of two prosecution witnesses to uncover special treatment they received constituted error of constitutional magnitude), *Chipman v Mercer,* 628 F2d 528, 532 (CA 9, 1980) (holding that the trial court's refusal to permit cross-examination of a sole eyewitness for bias or prejudice violated defendant's Sixth Amendment rights), *United States v Willis,* 647 F2d 54, 57 (CA 9, 1981) (holding that the trial court's refusal to permit cross-examination of a

government witness as to his bias by reason of intimate relations with defendant's former live-in girlfriend constituted reversible error), *People v Dawsey,* 76 Mich App 741, 747; 257 NW2d 236 (1977) ("legislative or judicial attempts to prevent meaningful cross-examination are constitutionally unacceptable").

From the above cases, it is clear that any attempt to limit meaningful cross-examination, whether it be by legislative act, judicial pronouncement or court ruling upon the admissibility of evidence, court rule, or the common law, must be justified by a compelling state interest. Where a statute or court ruling is challenged on grounds that it unduly restricts the Sixth Amendment right to confrontation, the state's interest in the rule must be balanced against the fundamental requirements of the constitution. *Davis v Alaska, supra, People v Khan,* 80 Mich App 605, 612; 264 NW2d 360 (1978).

Application of the balancing test in the case before us leads us to conclude that the prohibition against introducing evidence of convictions more than 10 years old contained in MRE 609(b) must yield to the Sixth Amendment right to confrontation so fundamental to our system of criminal justice. A primary reason for prohibiting impeachment by evidence of convictions more than 10 years old is to protect a defendant from prejudice arising from the notion that, if the jury knows defendant committed criminal acts in the past, the jury will conclude defendant is guilty of the offense for which he is being tried. However, this rationale does not apply in the instant case where the witness sought to be impeached is not the defendant but is a prosecution witness. The failure to permit the admission of evidence of the prior

convictions of the prosecution witness Haynes actually prejudices the defendant.

A second reason for the 10-year limitation in MRE 609(b) is to "furnish protection for rehabilitated offenders from attacks on their credibility for youthful, or long-passed, felonious indiscretions". *People v Hollis,* 96 Mich App 333, 339; 292 NW2d 538 (1980). However, as noted in *Hollis,* that rationale "does not apply to an eight-time offender whose convictions occur with regularity and extend over a 30-year period". In the instant case, witness Haynes' record includes 8 convictions extending over a 27-year period between 1940 and 1967. Thus, we find no compelling state interest in the case before us.

On the other hand, it is clear that defendant will be unable to adequately present her theory of defense without evidence of the prior convictions. It is defendant's theory that Haynes was lying when he went to the police and implicated her. Given his past history of criminal activity, he undoubtedly feared a severe sentence. Because he was an 8-time loser and served time in prison as recently as 12 years ago, he had a motivation to lie. But in order to show the motivation, defendant must show the prior criminal record.

Accordingly, we answer the first question posed in this opinion in the affirmative. We hold that, on the facts in the instant case, defendant's Sixth Amendment right to confrontation takes precedence over the 10-year limitation contained in MRE 609(b). Our conclusion in this regard is subject to two conditions. First, it is limited to impeachment of prosecution witnesses and does not extend to situations involving impeachment of a defendant. "[C]onsiderations relating to the propriety of impeaching defendants and other wit-

nesses are not identical." *People v Hayes,* 410
Mich 422, 426; 301 NW2d 828 (1981). Second, only
constitutionally valid convictions more than 10
years old may be used. As this Court observed in
*People v Thomas Johnson,* 94 Mich App 551, 557;
288 NW2d 456 (1980):

"Under *Loper v Beto,* 405 US 473; 92 S Ct 1014; 31 L
Ed 2d 374 (1972), evidence of convictions obtained with-
out counsel, in violation of *Gideon v Wainwright,* 372
US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733
(1963), is inadmissible for impeachment purposes."

Having ruled that the Sixth Amendment right
to confrontation takes precedence over MRE
609(b), we turn to the second question posed ear-
lier in this opinion: May this Court so rule, or is it
a matter which only the Supreme Court may act
upon? Our decision herein is not to be considered
as an amendment of, or a proposed change to,
MRE 609(b). We are not changing the rule. Nei-
ther are we proposing that the rule should be
made identical to FRE 609(b). We are simply opin-
ing that, having given judicial scrutiny to the
factual situation before us, the rule must yield, in
this instance, to defendant's Sixth Amendment
right of confrontation. MRE 609(b) is not protected
from judicial scrutiny by this Court merely be-
cause it is a rule of evidence promulgated by the
Supreme Court. The Supreme Court made that
clear in its January 5, 1978, order implementing
the proposed rule of evidence when it said:

"In adopting these rules, *the Court should not be
understood as foreclosing consideration of a challenge
to the wisdom, validity, or meaning of a rule when a
question is brought to the Court judicially* or by a
proposal for a change in a rule. [Citations omitted.]
While these rules are binding on Michigan courts, the

Court does not intend to preclude evidentiary objection in the trial court based on a challenge to the wisdom, validity or meaning of a rule and development of a separate record so as to properly present the challenge for review by this Court." 402 Mich lxxxviii. (Emphasis supplied.)

In accordance with the above statement, our opinion herein brings to the Supreme Court's attention the validity of the rule on the narrow facts presented in the instant case.

The trial court's order of February 17, 1981, is reversed and the case is remanded to the trial court to allow evidence of the prosecution's witness's convictions upon the conditions set forth and permitted under FRE 609(b). Upon remand, defendant is not necessarily entitled to place Haynes' entire record before the jury. Convictions more than 10 years old may be introduced only if the court finds that their probative value substantially outweighs their prejudicial effect.

Reversed and remanded for proceedings in accordance with this opinion.

M. J. KELLY, J., concurred.

J. J. KELLEY, J. *(dissenting).* The Supreme Court having been given sole authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state", only that Court has authority to make the requested change. Const 1963, art 6, § 5.

One purpose of the Michigan Rules of Evidence is "to secure fairness in administration". Unless a change in MRE 609(b) applies to *all witnesses,* whether litigants or otherwise, it will not operate fairly.

Such a change, if designated to operate retroac-

tively, would be unfair to litigants in other cases whose trials involved application of the present MRE 609(b) and were conducted simultaneously with the case at bar.

A retroactive change would also fly in the face of another intended purpose of the Michigan Rules of Evidence, which is the "elimination of unjustifiable expense and delay". Retroactive changes in rules or substance almost inevitably lead to retrials, delays and waste of taxpayers' and litigants' money.