[No. 13311–0–I.   Division One.   August 1, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. TEODORO MARTINEZ, *Appellant.*

*Teodoro Martinez*, pro se, and *Raymond H. Thoenig* and *James E. Lobsenz* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Daniel Gibson, Deputy,* for respondent.

SWANSON, J.—Teodoro Martinez appeals his conviction for second degree assault and the jury's special deadly weapon finding.

At trial, the State moved to prevent the defense from questioning the victim for the purpose of impeachment about a mid–1960's felony conviction for passing bad checks. The trial court, relying on the 10–year limitation of ER 609(b), granted the motion.

The primary issue presented is whether ER 609(b), which places a 10–year time limit on use of prior convictions for the purpose of impeachment, abridges a defendant's Sixth Amendment right to confront when the rule is applied to prosecution witnesses.

ER 609(b) provides:

> **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10

years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

The United States Supreme Court discussed an accused's Sixth Amendment right to confront in a related context.

The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." This right is secured for defendants in state as well as federal criminal proceedings under *Pointer* v. *Texas,* 380 U. S. 400 (1965). Confrontation means more than being allowed to confront the witness physically. "Our cases construing the [confrontation] clause hold that a primary interest secured by it is the right of cross–examination." . . .

Cross–examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross–examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross–examiner has traditionally been allowed to impeach, *i. e.,* discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross–examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony.

*Davis v. Alaska,* 415 U.S. 308, 315–16, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974).

■ Recently, Washington's Supreme Court, observing that the constitutional right to confront adverse witnesses is not absolute, adopted a test for determining whether the accused's right to confront is denied. *State v. Hudlow,* 99 Wn.2d 1, 659 P.2d 514 (1983). The court held that in order to overcome an accused's right to cross–examine an adverse witness the State must show a compelling interest in preventing examination when balanced against the accused's interest in confronting. *Hudlow,* at 16. In adopting the test,

the court looked to a Michigan case, *People v. Redmon,* 112 Mich. App. 246, 315 N.W.2d 909 (1982), that held the defendant had the right to impeach a State witness with prior felony convictions 13 to 40 years old notwithstanding Michigan's ER 609(b), limiting such evidence to 10–year–old convictions.

While ordinarily the State would not have sufficient interest to overcome a defendant's interest in impeaching a State's witness with a prior conviction, in applying the balancing test developed in *Hudlow* to the facts before us, we conclude the State's interest outweighs the virtually nonexistent interest of the defendant. While the primary reason for prohibiting evidence of stale prior convictions, to protect a defendant from the jury assuming that because he committed a prior offense he is guilty of the offense for which he is being tried, does not apply where a State's witness is being impeached, the State has another legitimate reason for preventing evidence of a prior conviction of a State's witness. The State has an interest in insuring that witnesses are not discouraged from coming forward with evidence of a crime out of fear of having a prior conviction brought forward.

Martinez's interest in impeaching the victim with his prior conviction is minimal. The need to impeach the victim with evidence of prior convictions is reduced in this case because there was already abundant evidence impeaching him, showing he had consumed a great quantity of alcohol prior to the stabbing, was an alcoholic, and had told inconsistent versions of the stabbing incident. In addition, unlike other cases where the court concluded that it was reversible error to prevent impeachment of the *only* State's witness because in such cases credibility takes on added importance, *see State v. York,* 28 Wn. App. 33, 621 P.2d 784 (1980), here, there was another critical prosecution witness, diminishing the importance of the victim's credibility to a determination of this case. Thus, on balance in these particular circumstances, the State's interest in preventing evidence of its witness' 18–year–old prior conviction out-

weighs the defendant's interest in presenting the evidence.

Martinez also submits a related argument, asserting that the trial court abused its discretion applying ER 609(b). Because under the more stringent constitutional test we conclude the State's interest outweighs the defendant's, it follows that the court did not abuse its discretion under the rule.

Martinez submits several arguments in his pro se brief. He first claims he was denied his right to a speedy trial under the due process clause and CrR 3.3. The record, however, shows Martinez signed a waiver of his right to a trial within the time limitations of CrR 3.3. Accordingly, we hold that Martinez was not denied his right to a speedy trial under either the due process clause or CrR 3.3.

Martinez also claims that: (1) an improper identification procedure was used, (2) prosecutorial misconduct denied him his constitutional rights, and (3) the State failed to present sufficient evidence to prove he used a deadly weapon. We have considered Martinez's arguments. Our review of the record discloses they are without merit.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.

Review denied by Supreme Court October 19, 1984.