23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Theodore RHODE, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 No. 93-2447.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Theodore Rhode appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Otsego County, Michigan, Circuit Court in February 1982, Rhode was convicted of delivery of 225 to 650 grams of cocaine and conspiracy to deliver 225 to 650 grams of cocaine. Rhode was sentenced to a term of 20 to 30 years of imprisonment mandated under state law. Rhode's convictions and sentence were affirmed by the Michigan Court of Appeals on direct appeal, and the Michigan Supreme Court denied leave to appeal.
 
 
 3
 Thereafter, Rhode filed by counsel a delayed motion for new trial in the state trial court. The trial court denied the motion. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.
 
 
 4
 Next, Rhode filed his petition for a writ of habeas corpus pro se in the district court alleging as grounds for relief: (1) improper admission into evidence of hearsay statements of codefendants; (2) improper amendment at trial of the criminal information; (3) failure to record sidebar conferences deprived petitioner the right to appeal trial court rulings; (4) refusal to give a jury instruction regarding the burden of proof with respect to defendant's specific knowledge of the quantity of cocaine; and (5) ineffective assistance of trial and appellate counsel. Respondent filed an answer in opposition to the petition. The matter was referred to the magistrate judge who recommended that the petition be denied. Rhode filed objections, and respondent submitted a reply. The district court adopted the magistrate judge's recommendation and denied the petition. However, the district court granted Rhode a certificate of probable cause to appeal.
 
 
 5
 On appeal, petitioner reiterates the grounds for relief he asserted in the district court except for the ineffective assistance of appellate counsel issue. Respondent properly notes that the appellate counsel issue is now waived. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Upon consideration, we conclude that petitioner's remaining claims are without merit.
 
 
 6
 First, the district court correctly concluded that petitioner did not "fairly present" one of his claims to the state courts. See Castille v. Peoples, 489 U.S. 346, 349 (1989). Specifically, petitioner did not present to the state courts in terms of a constitutional violation his claim that inadmissible hearsay statements were admitted into evidence at trial. Rather, petitioner's argument in the state courts focused on an application of Mich.R.Evid. 801(d)(2)(E). Under these circumstances, petitioner has not fairly presented this claim to the state courts. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991); Shoultes v. Laidlaw, 886 F.2d 114, 117 (6th Cir.1989); Rudolph v. Parke, 856 F.2d 738, 739-40 (6th Cir.1988). However, the district court properly excused this lack of exhaustion because the claim is plainly meritless. Further, respondent urged the court to consider the merits of the petition notwithstanding the lack of exhaustion. See Prather v. Rees, 822 F.2d 1418, 1421-22 (6th Cir.1987).
 
 
 7
 A brief review of the evidentiary basis for petitioner's convictions is helpful. Essentially, an undercover state police officer named Sandra Debogurski investigated a drug dealer named Gary Daniels with the assistance of an informant named David Moggo, who was a friend of Daniels. After purchasing drugs from Daniels on several occasions, Debogurski arranged for the purchase of one pound of cocaine from him. Debogurski met Daniels in a bar where Daniels was accompanied by the informant (Moggo) and petitioner. Prior to Debogurski's arrival, petitioner told Moggo that they "were all in it for a little money," or words to that effect. Moggo had met petitioner once before through Daniels, but Debogurski had never before seen petitioner.
 
 
 8
 Debogurski, Moggo, and Daniels left the bar to test a one-ounce sample of cocaine in a black automobile. Debogurski was not familiar with the car, but she knew the car did not belong to Daniels. After the cocaine was tested satisfactorily, Debogurski tried to give petitioner $2,000 in payment for the sample, but gave the money to Daniels after petitioner refused to take it. Thereafter, a dispute arose concerning where the remaining cocaine would be delivered. Debogurski and Moggo testified that petitioner urged Daniels to conduct the transaction in the bar's parking lot as Debogurski wanted because she had the money. Daniels agreed, left the bar with petitioner and returned approximately one hour later. When they returned, the black automobile in which the cocaine sample was tested earlier was parked next to Debogurski's car. Petitioner was in the driver's seat of the automobile and a man later identified as Larry Hooper was in the front passenger seat. Hooper produced 15 ounces of cocaine and Debogurski gave him $30,000.
 
 
 9
 Officer Debogurski testified at trial that informant Moggo told her about petitioner's "in it for a little money" statement. Petitioner argues that this statement is hearsay. Petitioner relies on Mich.R.Evid. 801(d)(2)(E) which only allows such evidence "on independent proof of a conspiracy." The Michigan Supreme Court has construed this rule to require proof of the existence of the conspiracy before admission of the coconspirator's statement. People v. Vega, 321 N.W.2d 675, 679 (Mich.1982) (per curiam).
 
 
 10
 Petitioner relies completely upon state law concerning this issue. He does not refer to the Confrontation Clause, which would be the constitutional basis for his claim. At most, petitioner's claim concerns only a perceived error of state law which does not warrant habeas corpus relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 
 11
 Next, petitioner's claim that his conspiracy indictment was constructively amended at trial is without merit. Essentially, petitioner was charged with conspiring with both Hooper and Daniels to deliver the cocaine in question. Petitioner objects because the trial court instructed the jury that it should convict him if it found that he conspired with either Hooper or Daniels. However, the indictment fairly if not perfectly apprised petitioner of the conspiracy charge against him. Therefore, habeas corpus relief is not warranted. See Mira v. Marshall, 806 F.2d 636, 639 (6th Cir.1986).
 
 
 12
 Petitioner's claim that unrecorded sidebar conferences deprived him of his right to appeal trial court rulings likewise does not warrant habeas corpus relief. In rejecting this claim for post-conviction relief, the trial court held that it had made no rulings which were not made of record as a result of sidebar conferences. Essentially, the district court treated this holding as a finding of fact entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). Generally, a finding of basic, historical fact made by a state trial court should be presumed correct unless a habeas petitioner shows error. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Levine v. Torvik, 986 F.2d 1506, 1514 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993). Here, petitioner made no showing of error in the district court or on appeal. Therefore, the state trial court's finding of fact is appropriately presumed correct under the circumstances of this case.
 
 
 13
 Next, the district court properly rejected petitioner's claim that the trial court refused to give a jury instruction regarding defendant's specific knowledge of the quantity of cocaine involved in the crime. Generally, improper jury instructions will not warrant habeas relief unless they are so infirm as to render the entire trial fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). Moreover, the Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." Id. (quoting Dowling v. United States, 493 U.S. 342, 352 (1990)). In Michigan, specific knowledge of the quantity of drugs involved in a crime is not an element of the offense. See People v. Quinn, 487 N.W.2d 194, 199 (Mich.1992); People v. Hamp, 428 N.W.2d 16, 21 (Mich.Ct.App.1988), vacated in part on other grounds, 462 N.W.2d 589 (Mich.1990). Thus, the jury instructions did not deprive petitioner of a fundamentally fair trial.
 
 
 14
 Further, petitioner's claims of ineffective assistance of trial counsel are also without merit. To establish ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced his defense such that the trial or appeal was unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The pertinent inquiry focuses on the likelihood that the trial and appeal has produced a just result. See Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). Here, the majority of petitioner's claims of ineffective assistance of counsel relate directly to the underlying claims which are without merit as discussed supra. In essence, petitioner has couched these claims in terms of Sixth Amendment claims. Simply put, petitioner cannot show that he received ineffective assistance of counsel with respect to underlying claims that lack merit.
 
 
 15
 Finally, petitioner alleges that trial counsel was ineffective when she did not file a motion in limine to suppress the introduction of petitioner's four prior felony convictions, all of which were more than ten years old at the time of petitioner's trial. On appeal, petitioner contends that as a result he was deprived of the opportunity to testify in his defense for fear that the convictions would be used to impeach him. The district court concluded that petitioner cannot show prejudice from counsel's failure to file a motion in limine because petitioner did not testify at trial. Hence, petitioner was not subjected to impeachment using the prior convictions.
 
 
 16
 Mich.R.Evid. 609(c), like its federal counterpart Fed.R.Evid. 609(b), provides that a conviction is generally inadmissible if a period of more than 10 years has elapsed since the date of conviction or of release from confinement, whichever is the latest date, to the date of trial. See People v. Coddington, 470 N.W.2d 478, 485 (Mich.Ct.App.1991) (per curiam); People v. Featherstone, 286 N.W.2d 907, 908 (Mich.Ct.App.1979) (per curiam). Here, the record reflects that petitioner's latest prior felony conviction for armed robbery occurred in May 1970. However, the record does not reflect the date on which petitioner was released from confinement for this offense. Thus, it cannot be gleaned from the record whether this conviction was admissible for impeachment purposes.
 
 
 17
 Nonetheless, petitioner cannot show that counsel's failure to file a motion in limine rendered his trial unfair. Informed, strategic choices by counsel are virtually unchallengeable. Strickland, 466 U.S. at 690. Counsel chose a strategy that was based on the state's inability to prove more than petitioner's presence during the crime. Choosing not to have the petitioner testify was a valid part of this strategy.
 
 
 18
 Concerning the requirement of prejudice, petitioner contended in the state courts that he would have testified at trial that his statement that they "were all in it for a little money" was in response to a question about why petitioner was involved in the renovation of a building in Arizona. However, it is submitted that this contention without more simply does not show prejudice. Officer Debogurski and informant Moggo testified about a second statement that petitioner made in furtherance of the conspiracy. Therefore, petitioner cannot show ineffective assistance of counsel.
 
 
 19
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.