PEOPLE v GUY

Docket No. 77-1301. Submitted November 2, 1977, at Grand Rapids.—
Decided July 13, 1978.

Larry G. Guy was charged with possession of a gas ejecting
device, weapon, cartridge, container or contrivance designed or
equipped for or capable of ejecting any gas which will either
temporarily or permanently disable, incapacitate, injure or
harm any person with whom it comes in contact. The Calhoun
County Court, Stanley Everett, J., dismissed the case on the
basis that the statute was overbroad. The people appeal. *Held:*

The statute is unconstitutionally vague and no judicial par-
ing of language can save it.

Affirmed.

M. F. CAVANAGH, J., dissented. He would hold that while the
statute is unconstitutional, it would not be unconstitutionally
vague if it only proscribed gas ejecting weapons and that the
unconstitutional parts should be severed and the case re-
manded for further proceedings.

OPINION OF THE COURT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—STATUTES—VAGUENESS—
GAS EJECTING DEVICES.

The portion of a statute making it unlawful to possess any gas
ejecting device, weapon, cartridge, container or contrivance
designed or equipped for or capable of ejecting any gas which
will either temporarily or permanently disable, incapacitate,
injure or harm any person with whom it comes in contact is
unconstitutionally vague, and, while an act should be construed
to avoid unconstitutionality and unenforceable provisions se-
vered from the remainder when possible, no severing of por-
tions of this provision can save it (MCL 750.224; MSA 28.421).

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 181, 552.
[2–4] 73 Am Jur 2d, Statutes § 346.
[3, 4] 16 Am Jur 2d, Constitutional Law § 552.

DISSENT BY M. F. CAVANAGH, J.

2. CONSTITUTIONAL LAW—STATUTES—OVERBREADTH.

   *A clear and precise enactment may nevertheless be overbroad if in its reach it prohibits constitutionally protected conduct.*

3. CONSTITUTIONAL LAW—STATUTES—VAGUENESS.

   *A statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overbroad and impinges on First Amendment freedoms.*

4. CRIMINAL LAW—STATUTES—VAGUENESS.

   *The portion of a statute making it unlawful to possess any gas ejecting device, weapon, cartridge, container or contrivance designed or equipped for or capable of ejecting any gas which will either temporarily or permanently disable, incapacitate, injure or harm any person with whom it comes in contact is unconstitutionally vague in two respects: (a) by leaving it to the police, the prosecution and, ultimately, the trier of fact to determine the difference between legal and illegal devices for ejecting harmful gases, the statute confers an impermissible discretion to determine whether an offense has been committed; and (b) the statute does not provide fair notice of the conduct proscribed; however, if that portion of the statute is pared down to prohibit only possession of gas ejecting weapons, the uncertainty ceases since a weapon is generally understood to be anything used or designed to be used to injure another.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Theodore P. Hentchel,* Assistant Prosecuting Attorney, for the people.

*Dobbins & Schaeffer,* for defendant.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. We agree wholeheartedly with the conclusion reached in Judge CAVANAGH's dissenting opinion that MCL 750.224; MSA 28.421 is

unconstitutionally vague. We also agree that wherever possible an act should be construed to avoid unconstitutionality, if necessary severing unenforceable provisions.

After much deliberation, however, we cannot see how the statutory provision in question can be saved in this case. For example, if a person buys a can of hairspray or deodorant, we do not believe that the question of whether or not that person is violating the statute should be left to the whim or caprice of law enforcement officials. Rather than have each prosecution effect a common-law construction of the provision, the Legislature, if it so desires, should enact a new law which would include a clearly defined "intent" element.

The trial court's order to dismiss is affirmed.

Affirmed.

M. F. CAVANAGH, J. *(dissenting).* Defendant was charged with having violated that part of MCL 750.224; MSA 28.421 which prohibits possession of a gas-ejecting device. The trial court found this part of the statute unconstitutional, and granted defendant's motion to dismiss. The prosecution appeals.

The relevant part of the statute provides as follows:

"Any person who shall * * * possess * * * any gas ejecting device, weapon, cartridge, container or contrivance designed or equipped for or capable of ejecting any gas which will either temporarily or permanently disable, incapacitate, injure or harm any person with whom it comes in contact, shall be guilty of a felony * * * ." MCL 750.224; MSA 28.421.

The Supreme Court construed this statute's

nearly identical predecessor in *People v Brown,*
253 Mich 537, 539; 235 NW 245, 246 (1931):

"The statute applies to all persons except peace offi-
cers, certain manufacturers, military, and licensed per-
sons, and contains no limitations of place, time, pur-
pose, or use. It prohibits the possession of the enumer-
ated weapons by anyone, other than an excepted per-
son, in private as well as in public, in the home or .
elsewhere, and whatever the purpose and contemplated
use."

Defendant contended before the lower court that
the statute was unconstitutionally vague. In sup-
port of this contention defendant cited the prelimi-
nary examination testimony of a state police fire-
arms and explosives identification expert, who
testified that possession of an ordinary can of freon
gas-powered hairspray would be within the statu-
tory proscription.[1] Based on this testimony, and
relying on cases which indicate that the Legisla-
ture may not prohibit conduct which is entirely

---

[1] "Q. Okay. Would a can of ladie's *[sic]* hair spray fall under that?
"A. I would—if it contained just hair spray?
"Q. No. If it contained—I mean, the assumption that it contains
freon gas with the hair spray.
"A. Did you read the entire Statute as to—does it say anything
about the gas?
"Q. No. Let me read it to you, again. Pertinent language is: Any
gas ejection device, weapon, cartridge, container or contrivance
designed or equipped for or capable of ejecting any gas which
may either temporarily or permanently disable, incapacitate,
injure or harm any person.
"A. You didn't read it entirely the first time.
"Q. No, I read it in entirety this time. I don't think the Judge did
either.
"A. Okay. Now, if you were to take a chemical that is designed
with *[sic]* specifically stated in there, that will cause those
injuries, according to the way that is written and my under-
standing of it, that would come under a gas ejecting device."
Preliminary Examination Transcript, pp 32–33.

innocent in character,[2] the court sustained defendant's constitutional challenge, but did so on the ground of overbreadth:

"[T]he portion of the statute under consideration here is unconstitutional for the reason that its language is so broad that it does cover acts which are clearly innocent as well as those which are criminal in nature."

In *Grayned v City of Rockford,* 408 US 104, 114–115; 92 S Ct 2294, 2302; 33 L Ed 2d 222, 231 (1972), the United States Supreme Court suggested the following test for overbreadth challenges:

"A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct.

\* \* \*

"The crucial question, then, is whether the ordinance sweeps within its prohibitions what may not be punished". (Footnotes omitted.)

The current pressure for legislation to prohibit use of freon-powered aerosols gives reason for serious doubt that they or similar products are so innocuous as to be beyond the state's police power. If possession of such products is not a constitutionally protected freedom, then the statute would not be unconstitutionally overbroad in the sense in which that term was used in *Grayned.*

However, the real thrust of defendant's argument, and the lower court's finding, is not that the statute covered conduct which couldn't be regulated. Rather, it was argued, and found, that the

---

[2] *Detroit v Bowden,* 6 Mich App 514, 520; 149 NW2d 771 (1967), *lv den,* 379 Mich 772 (1967), *Detroit v Sanchez,* 18 Mich App 399, 403; 171 NW2d 452, 454 (1969).

statute's language is broad enough to cover conduct, such as possessing cans of hairspray, which the Legislature surely didn't intend to prohibit.

I agree that the statute's sweeping language opens it to constitutional attack. However, I also believe that the statute's defect is, as defendant argued below, its vagueness. This doctrine was summarized by the Michigan Supreme Court in *People v Howell,* 396 Mich 16, 20; 238 NW2d 148, 149–150 (1976):

"A statute may be challenged for vagueness on three grounds:

"1. It does not provide fair notice of the conduct proscribed.

"2. It confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.

"3. Its coverage is overbroad and impinges on First Amendment freedoms." (Footnote omitted.)

Measured by these tests, the statute before us is deficient in two respects. By leaving it to the police, the prosecution and, ultimately, the trier of fact to define the difference between legal and illegal devices for ejecting harmful gases, the statute confers an impermissible "discretion to determine whether an offense has been committed". By abdicating its duty to define the offense, the Legislature has left the actor without "fair notice of the conduct proscribed". I conclude that the statute is unconstitutionally vague.

The prosecution concedes that the statute as written is unconstitutional, but contends that, by severing certain offending language, the remainder's constitutionality can be saved. See MCL 8.5; MSA 2.216. Although I do not find the construc-

tion offered by the prosecution satisfactory,[3] I do find it unnecessary to declare unconstitutional the whole of the provision under consideration here.

As previously explained, the statute's vice is the uncertainty as to which gas ejecting devices, etc., it outlaws. If the list of "device[s], weapon[s], cartridge[s], * * * [and] container[s]" is pared down to just "weapon[s]", the uncertainty evaporates. A weapon is generally understood as anything used or designed to be used to injure another.[4] Thus construed, the statute proscribes possession of only two kinds of objects: (1) those actually used to eject a gas for the purpose of injuring another; and (2) those specifically designed for this purpose. In neither case need people of common understanding guess at whether such conduct falls within a statutory proscription on possession of gas-ejecting weapons. This construction also eliminates the factfinder's discretion to expand the statute's reach.

Moreover, limiting the statutory proscription to

---

[3] The prosecution argues that the statute would be constitutional if we severed the language lined out in the following quote:

"Any person who shall * * * possess * * * any gas ejecting device, weapon, cartridge, container or contrivance designed ~~or equipped~~ for ~~or capable of~~ ejecting any gas which will either temporarily or permanently disable, incapacitate, injure or harm any person with whom it comes in contact, shall be guilty of a felony."

Certainly this would narrow the statute's scope. However, as was noted above, the statute punishes possession without regard to purpose or contemplated use. Thus, even so construed the statute would outlaw possession of devices designed to eject injurious gases for innocuous purposes, e.g., a can of hairspray. I therefore conclude that the prosecution's suggested construction fails to cure the constitutional defect.

[4] "[A] weapon is broadly defined as anything used or designed to be used in destroying, defeating, or injuring an enemy—an instrument of offensive or defensive combat * * * ." 79 Am Jur 2d, Weapons and Firearms, § 1, pp 3–4.

"A weapon is an instrument of offensive or defensive combat, or anything used, or designed to be used, in destroying, defeating, or injuring an enemy." (Footnotes omitted.) (4 CJS, Weapons, § 1, p 469.

possession of gas-ejecting weapons is consistent with the statute's scope as described in *Brown, supra:*

"The list of weapons in section 16751, *supra,* is significant and demonstrates a definite intention of the legislature to protect society from a recognized menace. It does not include ordinary guns, swords, revolvers, or other weapons usually relied upon by good citizens for defense or pleasure. It is a partial inventory of the arsenal of the 'public enemy,' the 'gangster.' It describes some of the particular weapons with which he wars on the State and reddens his murderous trail." 253 Mich at 542, 235 NW at 247.[5]

Accordingly, I would hold that the statute, so construed, is constitutional and consistent with the legislative purpose. I would reverse the lower court and remand the case for proceedings consistent with this opinion.

---

[5] Although the quoted language in fact refers to 3 Comp Laws 1929, § 16751, a comparison of that statute's language with that of the statute before us reveals no basis for distinguishing *Brown.*