PEOPLE v CARTER

PEOPLE v WOODWARD

Docket Nos. 63904, 63916. Submitted February 14, 1983, at Detroit.—
Decided August 5, 1983.

Defendants, Willie W. Carter and William L. Woodward, were
charged in the Detroit Recorder's Court with three counts of
first-degree criminal sexual conduct, one count of armed rob-
bery and one count of felony-firearm. Following a joint jury
trial, Michael F. Sapala, J., both defendants were acquitted of
all criminal sexual conduct charges. Defendant Woodward was
convicted of armed robbery and felony-firearm. Defendant Car-
ter was convicted of the lesser included offense of larceny from
a person and was acquitted of the felony-firearm charge. Wood-
ward was sentenced to consecutive prison terms of 2 years on
the felony-firearm conviction and 8 to 15 years on the armed
robbery conviction. Carter was sentenced to six years and eight
months to ten years imprisonment. Both defendants appeal
raising several issues. The appeals were consolidated. *Held:*

1. The trial judge did not abuse his discretion in finding that
the prosecutor had exercised due diligence in attempting to
produce two res gestae witnesses.

2. The trial court's denial of Woodward's motion to suppress
evidence of a prescription medicine vial taken from the com-

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 2, 4.

[2] 5 Am Jur 2d, Appeal and Error § 987.

[3] 29 Am Jur 2d, Evidence § 257 *et seq.*

[4] 21A Am Jur 2d, Criminal Law § 956.
   30 Am Jur 2d, Evidence § 1175.

[5] 21 Am Jur 2d, Criminal Law § 196.
   Validity and construction of statute requiring defendant in criminal
   case to disclose matter as to alibi defense. 45 ALR3d 958.

[6] 76 Am Jur 2d, Trial § 1155 *et seq.*

[7] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[8] 75 Am Jur 2d, Trial § 786.

[9, 10] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
   § 9.

[11] 5 Am Jur 2d, Appeal and Error § 772.

plainant and seized from Woodward at the time of his arrest was proper. Woodward did not have a legitimate expectation of privacy in the apartment where he was arrested. He was merely a transient visitor in the apartment. Thus, he did not have standing to challenge the search and seizure.

3. The trial court's denial of Woodward's motion for separate trials, based on Woodward's fear that he would be prejudiced if Carter's criminal record became known to the jury, was proper. The Court of Appeals did not review Woodward's contention that the motion should have been granted because of evidence of a statement which Carter gave to the police implicating Woodward since Woodward never moved to sever on that basis.

4. The trial court did not abuse its discretion in precluding Woodward from impeaching the complainant with evidence of her alleged history of drug use and psychiatric problems.

5. The trial court properly excluded impeachment evidence of the complainant's convictions which were more than ten years old without exercising its discretion.

6. There was no violation of the continuing discovery order in regard to a statement by witness John Wayne. The inadvertent failure of the prosecutor to provide Woodward with a copy of the second side of a preliminary complaint report in violation of the discovery order was not reversible error.

7. The trial court's original denial of Woodward's alibi defense was proper since defendant failed to timely file his statutorily required notice of alibi.

8. The jury has legitimate power to render logically inconsistent verdicts, therefore, the jury could properly convict Woodward of armed robbery and Carter of larceny from a person based on an aiding and abetting theory.

9. The trial court's instruction to the jury to "consider the guilt or innocence of each defendant on each charge individually as if they were on trial alone" was proper.

10. The trial court, in sentencing Carter, violated the rule that the trial court may not make an independent finding of a defendant's guilt on another charge, especially where the defendant has been found not guilty; therefore, Carter's sentence is set aside.

11. The Court of Appeals will not review the exercise of the trial court's sentencing discretion where the sentence imposed is within statutory limits. Carter's sentence was within statutory limits.

Both convictions are affirmed. Defendant Carter's sentence is

set aside and his case remanded to the trial court for resentencing.

1. SEARCHES AND SEIZURES — PRIVACY — STANDING.

A defendant has standing to challenge a search and seizure if he has a legitimate expectation of privacy in the searched area; standing for such a challenge does not depend on a person's ownership interest or residence in the premises searched.

2. APPEAL — MOTIONS AND ORDERS — DIFFERENT THEORY ON APPEAL.

The Court of Appeals will not review an issue regarding denial of a motion to sever where in the appeal the issue is based on a different theory than that advanced for the motion at trial.

3. EVIDENCE — RELEVANCE — RULES OF EVIDENCE.

A trial court may, in the exercise of its discretion, exclude evidence which is not relevant (MRE 401, 403).

4. CRIMINAL LAW — CONSTITUTIONAL LAW — EVIDENCE — WITNESSES — CONFRONTATION — RULES OF EVIDENCE.

A trial court may properly exclude, without exercising its discretion, evidence of a complainant's prior convictions which are more than ten years old sought to be used for impeachment of the complainant; such exclusion does not violate the defendant's right of confrontation (US Const, Am VI; MRE 609[b]).

5. CRIMINAL LAW — ALIBI — NOTICE — TIME LIMITATIONS.

A defendant is required by statute to timely file a notice of alibi prior to the presentation of such defense (MCL 768.20; MSA 28.1043).

6. CRIMINAL LAW — JURY — VERDICTS.

A jury has legitimate power to render logically inconsistent verdicts.

7. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL — PRESERVING QUESTION.

Appellate review of an unobjected-to jury instruction is precluded absent manifest injustice.

8. CRIMINAL LAW — JURY INSTRUCTIONS — JOINT TRIALS.

A trial court may properly instruct a jury in the joint jury trial of criminal defendants charged with first-degree criminal sexual conduct, armed robbery, and felony-firearm to "consider the guilt or innocence of each defendant on each charge individually as if they were on trial alone".

9. Criminal Law — Sentencing — Court Rules.

A trial judge has wide discretion in imposing a sentence and may consider other criminal activity for which no conviction resulted where the defendant is given the opportunity for refutation (GCR 1963, 785.12).

10. Criminal Law — Sentencing.

A trial judge, in imposing a sentence, may not make an independent finding of a defendant's guilt on another charge, especially where the defendant has not been found guilty on the other charge.

11. Appeal — Criminal Law — Sentences.

The Court of Appeals will not review the exercise of a trial court's sentencing discretion where the sentence imposed is within statutory limits.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Michael J. Brady,* for Willie Carter.

*Thomas H. O'Connor,* for William Woodward.

Before: J. H. Gillis, P.J., and D. E. Holbrook, Jr., and Gribbs, JJ.

Per Curiam. Defendants were charged with three counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), one count of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Following a joint jury trial, both defendants were acquitted of all CSC charges. Defendant Woodward was convicted of armed robbery and felony-firearm. Defendant Carter was convicted of the lesser included offense of larceny

from a person, MCL 750.357; MSA 28.589, and was acquitted of the felony-firearm charge. Woodward was sentenced to consecutive prison terms of 2 years on the felony-firearm conviction and 8 to 15 years on the armed robbery conviction. Carter was sentenced to six years and eight months to ten years imprisonment. Defendants appeal as of right. The appeals were consolidated.

Complainant testified that shortly after midnight on August 29, 1981, she was abducted by the defendants and driven to the Eastern Market area of Detroit, where she was forced at gunpoint to engage in sexual intercourse, first with Woodward, then with Carter and then again with Woodward. According to complainant, Woodward then took $9 and a vial of prescription medicine from her.

Woodward testified that the complainant had asked him to help her inject drugs into her groin area, and that the intercourse had been consensual. Carter did not testify or produce any witnesses. A statement given by Carter to the police shortly after he was arrested was read into evidence.

We first address an issue raised by both defendants and find no abuse of discretion on the part of the trial judge in finding that the prosecutor had exercised due diligence in attempting to produce two police officers who, as conceded by all parties, were res gestae witnesses. The two officers had walked up to the car while defendant Woodward was having sexual intercourse with the complainant on the back seat. The officer in charge of the case testified that, although she had made an investigation, she was unable to locate or identify the two officers.

We next address the issues raised only by defendant Woodward, none of which require reversal.

One of the items allegedly taken from complainant was a vial containing prescription medicine. An empty vial matching the description of the one taken from complainant was seized from defendant Woodward at the time of his arrest. Woodward moved to suppress evidence of the vial on the ground that the arrest and resulting seizure of the vial were unconstitutional.

At a hearing on the motion, testimony established that defendant Woodward was arrested without a warrant on August 29, 1981, by four officers at the apartment of Constance Brown, where Ms. Brown lived with her father, son, and boyfriend. Although Brown consented to the entry, she claimed that the consent was coerced. Brown admitted the officers and directed them to the bathroom where they opened the door and found Woodward in front of the sink with the vial beside him in plain view.

The prosecutor opposed the motion to suppress on the ground that Woodward did not have standing to challenge the search and seizure. On this issue, Brown testified that while defendant Woodward did not live at her apartment, he did stay there sometimes, including four nights out of the month previous to his arrest.

The trial court ruled that Brown's consent was coerced and that the entry was unlawful, but denied the motion to suppress on the ground that Woodward did not live at the apartment and therefore did not have standing to challenge the search and seizure. The vial was admitted into evidence and complainant testified that it was the one which defendant had taken from her.

Standing to challenge a search and seizure does not depend on a person's ownership interest or

residence in the premises searched. Rather, a defendant has standing to challenge a search and seizure if he has a legitimate expectation of privacy in the searched area. *Rakas v Illinois,* 439 US 128; 99 S Ct 421; 58 L Ed 2d 387 (1978); *People v Wagner,* 114 Mich App 541, 547; 320 NW2d 251 (1982); *People v Nabers,* 103 Mich App 354, 373-374; 303 NW2d 205 (1981); *People v Mack,* 100 Mich App 45, 47; 298 NW2d 657 (1980).

Upon an examination of the record, we find that defendant Woodward did not have a legitimate expectation of privacy in Brown's apartment. Woodward was merely a transient visitor on the premises. Although he had Brown's permission to stay at the apartment, he only occasionally spent the night there. We cannot conclude that Woodward thought of Brown's apartment as a place of refuge from public scrutiny nor can we conclude that he had a legitimate expectation of privacy therein. We, therefore, affirm the trial court's denial of the motion to suppress.

Defendant Woodward contends that the trial court should have granted his motion for separate trials because a statement that Carter had given to the police, which was admitted at trial, placed culpability for any armed robbery squarely on the shoulders of defendant Woodward. We disagree. Although defendant Woodward did move for separate trials, that motion was based on defendant Woodward's fear that he would be prejudiced if defendant Carter's criminal record became known to the jury. This motion was denied and defendant Carter never took the stand, thus, the jury was never apprised of defendant Carter's record. Since defendant Woodward never moved to sever on the basis that defendant Carter's statement to the police would implicate him, we do not review this

issue. *People v Kramer,* 108 Mich App 240; 310 NW2d 347 (1981).

Defendant challenges the trial court's ruling precluding him from impeaching the complainant with evidence of her alleged history of drug use and psychiatric problems. The court excluded this evidence on grounds of relevancy and we find no abuse of discretion in that decision. MRE 401, 403; *People v O'Brien,* 113 Mich App 183, 203; 317 NW2d 570 (1982); *People v Strickland,* 78 Mich App 40, 54; 259 NW2d 232 (1977).

Prior to trial the prosecutor moved to suppress evidence of all of complainant's prior convictions. The trial court weighed the appropriate factors and exercised his discretion in admitting evidence of some of the convictions while excluding others. However, the court suppressed evidence of the complainant's 1964 and 1965 convictions without exercising its discretion, presumably because these convictions fell outside the ten-year period provided in MRE 609(b).

Relying on *People v Redmon,* 112 Mich App 246; 315 NW2d 909 (1982), defendant contends that the automatic exclusion of evidence of convictions more than ten years old violates his right of confrontation under the Sixth Amendment. We disagree with the reasoning of the majority opinion in the *Redmon* decision, and agree with the dissent therein. We find, therefore, that the trial court properly excluded evidence of complainant's 1964 and 1965 convictions. MRE 609(b).

Defendant raises as error two instances of noncompliance by the prosecutor with a continuing discovery order. *People v Pace,* 102 Mich App 522; 302 NW2d 216 (1980).

We find that in the first instance, involving a statement by John Wayne, there was no violation

of the discovery order. Mr. Wayne was not endorsed until shortly before trial and, at that time, defense counsel was allowed to see Wayne's "statement", which consisted of some notes taken by a police officer during a telephone conversation with Wayne. In addition, eight days before trial, defense counsel discussed Wayne's testimony with the officer in charge.

The second instance involves · the inadvertent failure of the prosecutor to provide defendant with a copy of the second side of a preliminary complaint report. The missing side contained information regarding seizure of the vial. Although defendant claims that the information on the second page raised an issue about improper seizure of the vial, we find no reversible error for two reasons. First, the first page of the report did not end in a complete sentence. This should have alerted defense counsel that something was missing. Second, and more important, the trial court, *sua sponte,* held a hearing mid-trial on the legality of the seizure of the vial.

Last, we find that the trial court's original denial of defendant Woodward's alibi defense was not erroneous since defendant failed to timely file his notice of alibi as required by MCL 768.20; MSA 28.1043. Further, once defendant adequately explained the delay in filing, the trial court allowed defendant to present his alibi defense. *People v Bennett,* 116 Mich App 700; 323 NW2d 520 (1982), *lv den* 414 Mich 903 (1982).

We now turn to the issues raised only by defendant Carter.

Defendant Carter argues that since the armed robbery charge against him was based on an aiding and abetting theory, the jury could not properly convict him of a lesser included offense while

convicting Woodward of the charged offense. This argument lacks merit. The jury has legitimate power to render logically inconsistent verdicts. *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980). See also *People v Brown,* 120 Mich App 765; 328 NW2d 380 (1982).

Defendant Carter also argues that the court's instruction to "consider the guilt or innocence of each defendant on each charge individually as if they were on trial alone" effectively coerced the jury into returning an inconsistent verdict. Defendant's failure to object to the instruction precludes appellate review absent manifest injustice, which is not present here. *People v Anglin,* 111 Mich App 268, 285; 314 NW2d 581 (1981). Even were we to review the issue, we would find no error. The instruction was correct.

Defendant Carter next asserts that the sentencing judge improperly considered trial testimony concerning criminal acts of which the defendant was not convicted. Specifically, defendant points to the following statements made by the court at sentencing:

"The complainant in this case was, in essence, kidnapped from the streets by Mr. Woodward and yourself and then certain acts were performed upon her. And, she was clearly humiliated and degraded, mostly by Mr. Woodward, to a lesser extent by you. But, you helped in the whole process."

A trial judge has wide discretion in imposing a sentence, and may consider other criminal activity for which no conviction resulted, provided the defendant is given an opportunity for refutation as found in GCR 1963, 785.12. *People v Andre Alexander,* 112 Mich App 74, 77; 314 NW2d 801 (1981); *People v Collier,* 105 Mich App 46, 52; 306 NW2d

387 (1981). In the factual surroundings of this case, however, we find that the trial court violated the rule enunciated in *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278 (1972), that the trial court may not make an independent finding of a defendant's guilt on another charge, especially where a defendant has been found not guilty. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). Consequently, defendant Carter's sentence is set aside.

Defendant Carter also asserts that the judge abused his discretion in imposing the maximum sentence allowed by statute. Michigan appellate courts, however, do not review the exercise of a trial court's sentencing discretion where the sentence imposed is within statutory limits. *People v Burton,* 396 Mich 238; 240 NW2d 239 (1976); *People v Ensign (On Rehearing),* 112 Mich App 286, 292; 315 NW2d 570 (1982).

Both convictions are affirmed. Defendant Carter's sentence is set aside and his case is remanded to the trial court for resentencing.